**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT HOLDEN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-4566 |
| | § | |
| JACOB COHEN *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER OF REMAND**

Pending before the court is plaintiff Robert Holden's motion to remand. Dkt. 8. Defendants

Jacob Cohen, Everett Bassie, and American International Holdings Corporation (collectively,

"defendants") responded. Dkt. 10. Plaintiff did not file a reply to defendants' response. Having

considered the pleadings and the applicable law, the court finds that no federal question exists, that

plaintiff's motion should be **GRANTED** and this matter **REMANDED** to the 152nd Judicial

District Court. However, the court **DENIES** plaintiff's request for costs and expenses.

**I. BACKGROUND**

On November 21, 2019, defendants removed this action—which on its face involves only

state law claims—to federal court. Dkt. 1. On December 3, 2019, this court ordered defendants to

file an amended notice of removal showing why the well-pleaded complaint rule does not apply.

Dkt. 5. Defendants filed their amended notice of removal on December 9, 2019,[1] arguing that

---

[1] Plaintiff argues that defendants' amended notice of removal was untimely because it "was due Monday, December 9, 2019," but was filed on "Tuesday, December 9, 2019...one day beyond this Court's Ordered Deadline." Dkt. 8 ¶¶ 7, 8. The docket sheet shows that defendants filed the amended notice of removal on Monday, December 9, 2019. Dkt. 6. Defendants' filing was clearly timely and plaintiff admits as much by stating that the amended notice was filed on December 9, 2019, the date that plaintiff concedes was the due date. Dkt. 8 ¶ 8. Plaintiff's argument is frivolous and counsel are reminded of their professional obligation to bring only meritorious claims and

plaintiff's state law claims "necessarily turn on questions arising under the Securities Act of 1934, which are within the exclusive jurisdiction of the federal courts." Dkt. 6 ¶ 2.

## II. Legal Standard

The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). A "federal court has jurisdiction of a state-law claim if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance' of federal and state power." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1570, 194 L. Ed. 2d 671 (2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)).

## III. Analysis

Here, the face of plaintiff's first amended petition shows only state law claims for declaratory judgment, breach of contract, fraud, and conversion. Dkt. 1-3 ¶¶ 20–28. Defendants' entire argument for removal is that plaintiff's claims "will turn on construction of the Securities Exchange Act of 1934 (the 'Act'), as evidenced by Plaintiff's li[v]e pleading." Dkt. 6 ¶ 3. To bolster their point, defendants cite with emphasis those portions of plaintiff's petition that discuss "***Rule 144 of the Securities and Exchange Act of 1934***." *Id.* ¶¶ 3(a)–(b). Where plaintiff's petition mentions "Rule

---

contentions. Tex. Disciplinary Rules Prof'l Conduct R. 3.01.

2

144 of the Securities and Exchange Act of 1943," defendants highlight that "[t]his is clearly a typo and is a reference to the Act as there is not [a] Securities and Exchange Act of 1943." *Id.* ¶ 3(c). Defendants go on to note that "federal courts have exclusive jurisdiction under 15 U.S.C. § 78aa of the [1934] Act of "all suits . . . brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." *Id.* ¶ 5.

Notably, plaintiff does not dispute that the 1934 Act vests jurisdiction exclusively in federal courts. Instead, plaintiff counters that while his claims "do not turn on the substantial interpretation of federal law, in any event Section 22 of the Securities Act of 1933, 15 U.S.C. sec. 77v(a) prohibits removal of such issues to federal court." Dkt. 8 ¶ 11. *See* 15 U.S.C. § 77v(a) ("Except as provided . . . , no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."). Similarly, Defendants do not dispute that "the case should be remanded to state court because, under 15 U.S.C. § 77v(a), removal is inappropriate if based solely on claims arising under the 1933 Act." Dkt. 10 ¶ 7. Instead, defendants argue that "Plaintiff is apparently oblivious to the fact that—by his own pleadings—he has accused Defendants repeatedly of violating the 1934 Act—not the 1933 Act." *Id.* ¶ 8.

Defendants are correct that the standard for "arising under" jurisdiction applies where a federal statute "provides federal district courts with exclusive jurisdiction 'of all suits in equity and actions at law brought to enforce any liability or duty created by [the Securities Exchange Act of 1934] or the rules and regulations thereunder." *Manning*, 136 S. Ct. at 1568, 1575 (quoting 15 U.S.C. § 78aa(a)). There is just one problem with defendants' arguments: despite what plaintiff's pleadings say, Rule 144, 17 C.F.R. § 230.144, was in fact adopted by the SEC under the Securities Act of 1933, *not* 1934. *See* 17 C.F.R., Ch. II, Pt. 230, Refs & Annos ("In §§ 230.100 to 230.174, the

numbers to the right of the decimal point correspond with the respective rule numbers in general rules and regulations adopted by the Securities and Exchange Commission under the Securities Act *of 1933*.") (emphasis added).

In sum, defendants' arguments are based entirely on plaintiff's incorrect citation to Rule 144. That plaintiff incorrectly identified the act under which Rule 144 was adopted is insufficient to create federal jurisdiction. The reality is that Rule 144 was adopted under the 1933 Act and the 1933 Act confers concurrent jurisdiction on federal and state courts, prohibiting removal in all but a very limited number of circumstances, none of which applies here. *See* 15 U.S.C. § 77v(a). Accordingly, this matter must be remanded to state court.

Plaintiff has requested that the court "award costs and expenses, including attorney's fees" for defendants' improper removal, which was filed one day prior to a scheduled temporary injunction hearing. Dkt. 8 at 1. Defendants do not respond to this request in their response. Dkt. 10. The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Although the court believes a reasonable defendant would have verified the origins of Rule 144, the court also believes that a reasonable plaintiff would have cited the correct origins of Rule 144. Since the basis of defendants' removal was plaintiff's own typo, the court declines to award costs to plaintiff.

## IV. CONCLUSION

For the reasons stated above, plaintiff's motion to remand (Dkt. 8) is **GRANTED** in that this matter is **REMANDED** to the 152nd Judicial District Court of Harris County. However, plaintiff's request for costs and expenses is **DENIED**.

Signed in Houston, Texas on January 15, 2020.

_____
Gray H. Miller
Senior United States District Judge